U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2025 FEB 11  AM 11: 15

CLERK

BY_____
DEPUTY CLERK

ISAAC JOLLIE-COGHLAN;

    PLAINTIFF

vs.

CITY OF BURLINGTON, VERMONT;          Civil Action No.: 2:25-cv-182

JON MURAD,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE FOR
THE CITY OF BURLINGTON, VERMONT;      JURY TRIAL DEMANDED

CORY CAMPBELL,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF BURLINGTON, VERMONT;

DEFENDANTS

## COMPLAINT

### I. JURISDICTION

1. This Court has jurisdiction over this complaint under 28 U.S.C. § 1331, as it is a civil action arising under the Constitution and laws of the United States, specifically the fourth and fourteenth amendments of the Constitution and 42 U.S.C. § 1983. Jurisdiction also exists under 28 U.S.C. § 1343(a), and 28 U.S.C. § 2201(a).

2. This Court has jurisdiction over Plaintiff's state law claims averred herein under 28 U.S.C. § 1367 as well as through the courts pendent jurisdiction.

1

## II. VENUE

3. This Court is the proper venue for this complaint pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in this district.

## III. PARTIES

4. Plaintiff ISAAC JOLLIE-COGHLAN (hereafter "JOLLIE-COGHLAN") was at all times mentioned herein, a resident of the State of Vermont.

5. Defendant CITY OF BURLINGTON (hereafter "CITY") is a municipality within the State of Vermont, acting under the authority and color of law.

6. CORY CAMPBELL (hereafter CAMPBELL) is and at all times described herein was, an individual person and a sworn police officer employee of the CITY acting under authority and color of state law. He is being sued in his individual and official capacities.

7. Defendant JON MURAD (hereafter MURAD) is and at all times described herein was, an individual person, a sworn police officer employee of the CITY, and either the acting or permanent chief of police of the Burlington Police Department acting under authority and color of state law. He is being sued in his individual and official capacities.

## IV. STATEMENT OF FACTS

8. During the early morning hours of August 11, 2024, JOLLIE-COGHLAN was outside with friends and family in the area of City Hall Park, in Burlington, Vermont.

9. Several other people in the area began to argue and act aggressively toward each other.

10. JOLLIE-COGHLAN approached a small group of people that was arguing and attempted to verbally calm and deescalate the situation.

2

11. At no time did JOLLIE-COGHLAN act violently, aggressively, or in an tumultuous manner.

12. While attempting to calm and deescalate a small group of people, JOLLIE-COGHLAN was physically threatened by a member of that group.

13. In response to the physical threat, JOLLIE-COGHLAN ducked and backed away from the person.

14. During these events, CAMPBELL was on duty as a City of Burlington City police officer and responded with other Burlington police officers to the scene where the above was occurring.

15. As JOLLIE-COGHLAN backed away from the small group, as described in averment 13, CAMPBELL grabbed JOLLIE-COGHLAN from behind and slammed JOLLIE-COGHLAN to the ground.

16. When CAMPBELL slammed JOLLIE-COGHLAN to the ground he caused injuries to JOLLIE-COGHLAN, including breaking JOLLIE-COGHLAN's wrist.

17. CAMPBELL did not attempt to communicate with JOLLIE-COGHLAN prior to grabbing JOLLIE-COGHLAN.

18. CAMPBELL did not announce his presence prior to grabbing JOLLIE-COGHLAN.

19. CAMPBELL did not identify himself as a police officer prior to grabbing JOLLIE-COGHLAN.

20. JOLLIE-COGHLAN did not know CAMPBELL was present prior to CAMPBELL grabbing JOLLIE-COGHLAN.

21. Following CAMPBELL's use of force upon JOLLIE-COGHLAN, CAMPBELL arrested JOLLIE-COGHLAN and cited him for disorderly conduct.

22. The Chittenden County State's Attorney did not file any criminal charges against JOLLIE-COGHLAN as a result of this incident.

23. The subject who threatened JOLLIE-COGHLAN as described in averment 12 was arrested by Burlington police and issued a citation for disorderly conduct. The Chittenden County State's attorney filed criminal charges against that person.

24. As a direct and proximate result of CAMPBELL's actions, JOLLIE-COGHLAN suffered physical, mental, and emotional injuries that:

 a. Required medical treatment;

 b. Required physical therapy;

 c. Resulted in medical costs;

 d. Caused physical, emotional, and mental pain and suffering;

 e. Caused a disruption of normal body functioning;

 f. Caused humiliation and embarassment;

 g. Prevented him from participating in sports and other activities;

 h. Caused continued pain and discomfort to this day.

25. The CITY provides funding for, operates, manages, directs, and controls the Burlington police department.

26. The CITY bears responsibility and authority to hire, retain, terminate, and discipline employees, including police officers.

27. The CITY bears responsibility and authority to supervise, direct, and train its employees, including police officers.

4

28. The position of Burlington chief of police, held at all relevant times by MURAD, is the chief executive of the department and bears responsibility and authority to hire, retain, terminate, and discipline employees, including police officers.

29. The position of Burlington chief of police, held at all relevant times by MURAD, bears responsibility and authority to supervise, direct, and train employees, including police officers.

30. Prior to this incident, CAMPBELL has been found to have violated department policy during at least one previous incident where he used force against a person.

31. The CITY is aware that CAMPBELL, prior to this incident, has violated department policy during at least one previous incident where he used force against a person.

32. MURAD is aware that CAMPBELL, prior to this incident, has violated department policy during at least one previous incident where he used force against a person.

33. The CITY intentionally hired and retained CAMPBELL as an employee police officer.

34. MURAD intentionally retained CAMPBELL as an employee police officer.

35. The CITY has intentionally failed to adequately train, discipline, or supervise its officers to ensure they do not violate the Constitutional rights of other people under the color of law.

36. MURAD has intentionally failed to adequately train, discipline, or supervise his officers to ensure they do not violate the Constitutional rights of other people under the color of law.

37. The CITY has intentionally failed to adequately train, discipline, or supervise CAMPBELL to ensure he does not violate the Constitutional rights of other people under the color of law.

38. MURAD has intentionally failed to adequately train, discipline, or supervise CAMPBELL to ensure he does not violate the Constitutional rights of other people under the color of law.

## V.  FIRST CAUSE OF ACTION - CAMPBELL USE OF EXCESSIVE FORCE

39. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

40. CAMPBELL's use of force against JOLLIE-COGHLAN was excessive and unreasonable, and was a proximate cause of his injuries.

41. CAMPBELL's use of excessive force while on duty as a Burlington police officer constituted a deprivation under color of law of JOLLIE-COGHLAN's 4th amendment right to be free from excessive force, in violation of 42 U.S.C. § 1983.

## VI. SECOND CAUSE OF ACTION - CITY USE OF EXCESSIVE FORCE

42. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

43. CITY's intentional hiring and retention of CAMPBELL, and its failure to adequately train, supervise, or discipline CAMPBELL caused CAMPBELL to use excessive force against JOLLIE-COGHLAN, and constituted a deprivation under color of law of JOLLIE-COGHLAN's 4th amendment right to be free from excessive force, in violation of 42 U.S.C. § 1983.

44. CITY's intentional conduct was a proximate cause of JOLLIE-COGHLAN's injuries.

## VII. THIRD CAUSE OF ACTION - MURAD USE OF EXCESSIVE FORCE

45. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

46. MURAD's intentional retention of CAMPBELL, and his failure to adequately train, supervise, or discipline CAMPBELL caused CAMPBELL to use excessive force against JOLLIE-COGHLAN, and constituted a deprivation under color of law of JOLLIE-COGHLAN's 4th amendment right to be free from excessive force, in violation of 42 U.S.C. § 1983.

47. MURAD's intentional conduct was a proximate cause of JOLLIE-COGHLAN's injuries.

## VIII. FOURTH CAUSE OF ACTION - CAMPBELL ILLEGAL ARREST

48. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

49. CAMPBELL's arrest of JOLLIE-COGHLAN occurred unsupported by probable cause, and was a proximate cause of some of his injuries.

50. CAMPBELL's illegal arrest of JOLLIE- COGHLAN while on duty as a Burlington police officer constituted a deprivation under color of law of JOLLIE-COGHLAN's 4th amendment right to be free from illegal arrest, in violation of 42 U.S.C. § 1983.

## IX. FIFTH CAUSE OF ACTION - CITY ILLEGAL ARREST

51. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

52. CITY's intentional hiring and retention of CAMPBELL, and its failure to adequately train, supervise, or discipline CAMPBELL caused CAMPBELL to illegally arrest JOLLIE-COGHLAN, and constituted a deprivation under color of law of JOLLIE-COGHLAN's 4th amendment right to be free from illegal arrest, in violation of 42 U.S.C. § 1983.

53. CITY's intentional conduct was a proximate cause of some of JOLLIE-COGHLAN's injuries.

## X. SIXTH CAUSE OF ACTION - MURAD ILLEGAL ARREST

54. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

55. MURAD's intentional retention of CAMPBELL, and his failure to adequately train, supervise, or discipline CAMPBELL caused CAMPBELL to illegally arrest JOLLIE-COGHLAN, and constituted a deprivation under color of law of JOLLIE-COGHLAN's 4th amendment right to be free from illegal arrest, in violation of 42 U.S.C. § 1983.

56. MURAD's intentional conduct was a proximate cause of some of JOLLIE-COGHLAN's injuries.

## XI. SEVENTH CAUSE OF ACTION - CAMPBELL ASSAULT

57. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

58. CAMPBELL's grabbing of JOLLIE-COGHLAN and throwing him to the ground constituted an assault.

59. CAMPELL's conduct was a proximate cause of JOLLIE-COGHLAN's injuries.

## X. EIGHTH CAUSE OF ACTION - CITY ASSAULT

60. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

61. CITY, through its actions and inactions as CAMPBELL's employer, director, and supervisor, is responsible and liable for CAMBELL'S assaultive conduct.

62. CITY'S conduct was a proximate cause of JOLLIE-COGHLAN'S injuries.

## XI. NINTH CAUSE OF ACTION - MURAD ASSAULT

63. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

64. MURAD, through his actions and inactions as CAMPBELL's employer, director, and supervisor, is responsible and liable for CAMBELL'S assaultive conduct.

65. MURAD'S conduct was a proximate cause of JOLLIE-COGHLAN'S injuries.

## XII. TENTH CAUSE OF ACTION - CAMPBELL BATTERY

66. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

67. CAMPBELL's grabbing of JOLLIE-COGHLAN and throwing him to the ground constituted a battery.

68. CAMPELL's conduct was a proximate cause of JOLLIE-COGHLAN's injuries.

## XIII. ELEVENTH CAUSE OF ACTION - CITY BATTERY

69. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

70. CITY, through its actions and inactions as CAMPBELL's employer, director, and supervisor, is responsible and liable for CAMBELL'S battery of JOLLIE-COGHLAN.

71. CITY'S conduct was a proximate cause of JOLLIE-COGHLAN'S injuries.

## XIV. TWELFTH CAUSE OF ACTION - MURAD BATTERY

72. Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth herein.

73. MURAD, through his actions and inactions as CAMPBELL's employer, director, and supervisor, is responsible and liable for CAMBELL'S battery of JOLLIE-COGHLAN.

74. MURAD'S conduct was a proximate cause of JOLLIE-COGHLAN'S injuries.

## XV. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request the following relief:

   a.  Compensatory damages;

   b.  Punitive damages;

   c.  An order of this Court declaring the above actions of Defendants to be illegal and in violation of Plaintiffs' constitutional, statutory and common law rights;

10

d.  Reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988 and other applicable authority;

e.  Such other relief as this Court finds reasonable, necessary, just and appropriate.

Dated at Pittsford, Vermont, this __11th__ day of February, 2025.

Respectfully Submitted,
ISAAC JOLLIE-COGHLAN

By:    s/Robb Spensley, Esq.
       ROBB SPENSLEY
       CHADWICK & SPENSLEY, PLLC
       3232 Route 7
       Pittsford, VT 05763
       (802) 725-8318
       robb@chadwicklawvt.com

11